# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MICHAEL SMITH, SCOTT SMITH,**

        **Plaintiffs,**

**-vs-**                                                       **Case No. 6:12-cv-496-Orl-22DAB**

**ORANGE COUNTY, WALT DISNEY**
**PARKS AND RESORTS U.S., INC., and**
**KEVIN BEARY,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO PROCEED IN FORMA PAUPERIS AND REQUEST FOR APPOINTED COUNSEL (Doc. No. 2)**
>
> **FILED:** March 30, 2012
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**, and the Complaint be dismissed.

      Plaintiff seeks to proceed as a pauper and to have counsel appointed to prosecute this claim for intentional infliction of emotional distress. As Plaintiff has failed to file the Court's application to proceed *in forma pauperis*, stating only that he does not have the funds to file the complaint, the instant motion should be denied, as incomplete. Even assuming the motion contained sufficient evidence of financial need, the motion should be denied on the merits.

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark,* 915 F.2d at 639 (internal citation omitted). Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips*, 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

In evaluating a complaint under Section 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus,* 551 U.S. 89,127 S.Ct. 2197, 2200, 167 L.Ed 2d 1081 (2007). Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal,* 556 U.S.662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic*, 550 U.S. 544, 555.

Applied here, even liberally construed, the Complaint does not meet any of the foregoing standards. The Complaint reads, in its entirety:

> Plaintiff is suing for intention infliction of emotional distress and ongoing damages. This lawsuit is for violations dating back to year 2000 and current . Plantiffs [sic] were witnesess [sic] to several members running a crack house and the Orange county sheriff office was to protect us. Instead they were dealing narcotics themselves and harassed us to not say anything. The FBI arrested their captain who was in the division that Plaintifffs [sic] were in. plantiff [sic] filed 2 lawsuits against Orange County to only have them dismissed for no reason whatsoever. The corruption within Orange County is great and it has been this way for a long time. It is overwhelming to Planiffs [sic]. Even when Senator Bill Nelson contacted them they refused to talk and when they did they told nothing but lies. It is apparent Federal intervention is needed. Most recently Plaintiff was unlawfully pulled over on Disney property for what officer said was an unlawful turn. Such act would not even be legal as Disney is private propery [sic]. Nor did Plantiff [sic] make an unlawul [sic] turn and citation was dismissed.

(Doc. No. 1)

As evident, the Complaint is far from clear as to the exact nature of the claim (or claims), other than a broad claim for infliction of emotional distress due to a variety of seemingly unrelated matters. Although the Complaint purports to name Michael Smith and Scott Smith as Plaintiffs, the Complaint (which is brought *pro se* and is only signed by Michael Smith) moves in and out of the plural. Absent

-3-

a signature of Scott Smith or appearance of an attorney on his behalf, there is no cause of action pled for him. Michael Smith can only prosecute his *own* claim *pro se*. Assuming that the cause of action for intentional infliction of emotional distress is asserted solely by Michael Smith, this pleading alleges no cause of action within the limited jurisdiction of the federal courts.

Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (*i.e.,* "a civil action arising under the Constitution, laws, or treaties of the United States"), in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and § 1332; *Alexander v. Sandoval,* 532 U.S. 275, 293 n.8 (2001). A claim of intentional infliction of emotional distress is a claim brought under state law, thus implicating the Court's diversity jurisdiction. Smith's address suggests Florida citizenship, and diversity with the other Florida based Defendants is not shown. Moreover, there is no showing that the claim (whatever it is) implicates the required amount in controversy.

Even assuming jurisdiction were present, the loosely joined allegations fail to satisfy the plausibility standard and is not cognizable on its face. It seems that Plaintiff wants damages arising from alleged drug dealing in the sheriff's office in 2000, the dismissal of two lawsuits against the county, and arising from being pulled over on Disney property and ticketed, although the citation was dismissed. To the extent Plaintiff alleges he is suing "for violations dating back to year 2000," his claim for emotional damages from those violations (whatever they are) is likely barred by the statute of limitations. Even if the violations are not barred, there is no showing that allegations of public corruption can be remedied in a suit for infliction of emotional distress, or that Plaintiff has standing to prosecute such an action. To the extent Plaintiff is attempting to appeal or collaterally attack the dismissal of his lawsuits in other courts, such is not available here. Finally, it is not clear what

Plaintiff is suing to recover with respect to his dismissed citation. He does not assert that he was arrested or otherwise harmed, and it seems he was merely inconvenienced. As pled, there is no discernable cause of action within the jurisdiction of this Court.

Finally, Plaintiff seeks to have counsel appointed to represent him. "There is no right to counsel in a civil proceeding." *United States v. 817 N.E. 29th Drive,* 175 F.3d 1304, 1311 n. 14 (11th Cir.1999) (denying counsel in a civil forfeiture case); *accord United States v. 87 Blackheath Road*, 201 F.3d 98 (2nd Cir. 2000) (collecting cases). Absent an established right to counsel and in view of the lack of any sustainable cause of action here to prosecute, the Court should decline to accommodate this request. Plaintiff is free to retain counsel if he is able to do so.

As there is no cognizable claim stated within the limited jurisdiction of this court, it is respectfully recommended that the motion be **denied** and the Complaint be **dismissed.** If this Recommendation is adopted, Plaintiff should be afforded the opportunity to file an amended complaint and complete financial affidavit, should he wish to attempt to pursue this action.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 5, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy